IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:17cr45 |
| | ) |
| BENJAMIN FAULKNER, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Jessica D. Aber, Assistant United States Attorney; the defendant, BENJAMIN FAULKNER, and the defendant's counsel have entered into an agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1. Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with Aggravated Sexual Abuse of a Minor, in violation of Title 18, United States Code, Section 2241(c). The maximum penalties for this offense are a mandatory minimum term of imprisonment of 30 years, a maximum term of life imprisonment, a fine of $250,000, full restitution, special assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised release term of not less than five years or life. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

## 2. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

## 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a. the right to plead not guilty and to persist in that plea;

   b. the right to a jury trial;

   c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

   d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 4. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States will recommend a sentence of no greater than 50 years of imprisonment.

### 5. Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

6. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction.

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court should find that the defendant is non-indigent, the Court shall assess a special assessment of $5,000 per count of conviction on the defendant. However, the special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal convictions on which the special assessment is based.

7. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

8. **Restitution**

Pursuant to 18 U.S.C. § 2248, Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Defendant acknowledges that pursuant to 18 U.S.C. § 2248, the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2248(b)(3) as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order entered into at the time of sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant agrees to make full restitution for the provable losses caused by defendant's activities. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by Defendant. Defendant shall also identify all

5

assets valued at more than $5,000 which have been transferred to third parties since October 4, 2016, including the location of the assets and the identity of the third parties.

The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k), (n).

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment." If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

This agreement only binds the U.S. Attorney's Office for the Eastern District of Virginia and does not bind the U.S. Attorney's Office for the Middle District of Tennessee or any other component of the Department of Justice.

## 10. Sex Offender Registration and Notification Act

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## 11. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement or commits or attempts to commit any

additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 12. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: *[signature]*
Jessica D. Aber
Assistant United States Attorney

Lauren Britsch
Special Assistant United States Attorney

Elham Peirson
Trial Attorney
United States Department of Justice,
Child Exploitation and Obscenity Section

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 05/17/17    *Benjamin Faulkner*
Benjamin Faulkner
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 17 May 17    *C. Bowen*
Cary Bowen, Esq.
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 3:17cr45 |
| DEFENDANT'S NAME: | Benjamin Faulkner |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE

3. PAYMENT SHOULD BE SENT TO:

|  | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 ||
| **Richmond cases:** | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 ||
| **Newport News cases:** | Clerk, U.S. District Court<br>2400 West Ave, Ste 100<br>Newport News, VA 23607 ||
| **Norfolk cases:** | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 ||

4. INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER

5. ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT