IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:17cr45 |
| | ) |
| BENJAMIN FAULKNER, | ) |
| | ) |
| Defendant. | ) |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, Jessica D. Aber, Assistant United States Attorney; Lauren Britsch, Special Assistant United States Attorney; and Elham Peirson, Trial Attorney, hereby submits its position with respect to sentencing for the defendant, Benjamin Faulkner. The United States has reviewed the Presentence Investigation Report (PSR) and does not dispute any of the facts or factors set out therein. The United States concurs with the probation officer's determination that the defendant's Total Offense Level is 43 and that his Criminal History Category is I. *See* Presentence Report ("PSR") ¶¶ 86-87. The defendant's applicable guideline range is life imprisonment, with a mandatory minimum term of imprisonment of 30 years. *Id.*

Based on the factors set out in 18 U.S.C. § 3553(a), and for the reasons set forth below and the supplemental information submitted to this Court under seal, the United States recommends a sentence of 50 years' (600 months) imprisonment.

1

## I.  Background

On October 4, 2016, the defendant and co-defendant Patrick Falte (3:17cr49) were arrested on Criminal Complaints, alleging aggravated sexual abuse of a minor, in violation of 18 U.S.C. § 2241(c).  On May 17, 2017, the defendant pleaded guilty to a one-count Criminal Information charging him with Aggravated Sexual Abuse, in violation of 18 U.S.C. § 2241(c).

As outlined in his Statement of Facts and further explained in the PSR, the defendant and Mr. Falte met while administering a website dedicated to the advertisement and distribution of child pornography.[1]  They struck up a friendship online and became acquainted with a user of the website, Thomas Hix.  Sometime during 2015, Mr. Hix offered the defendant and Mr. Falte the use of a four-year-old child for their sexual gratification.[2]

The defendant traveled to the Eastern District of Virginia *five* times to sexually abuse the minor, who was only three years old at the time of the first visit in late 2015.  PSR ¶¶ 27-28.  Mr. Falte joined him for two of the trips.  During at least two of the trips, the defendant and Mr. Falte filmed their sexual abuse of the minor and then later uploaded these photographs to their child pornography website.

---

[1]  The defendant and Mr. Falte have been charged in the United States District Court for the Middle District of Tennessee for their roles in this website.  *See* PSR ¶ 59.

[2]  On or about October 4, 2016, Mr. Hix was charged by criminal complaint in the United States District Court for the Eastern District of Virginia with selling a child, in violation of 18 U.S.C. § 2251A.  *See United States v. Hix*, 1:16mj450.  Mr. Hix has not yet made an appearance on that charge.  He is presently in the custody of Prince William County, Virginia, where he has pleaded guilty to three counts of object sexual penetration and two counts of production of child pornography.  Mr. Hix will be sentenced on November 17, 2017.

## II.  Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process.  First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range."  *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006).  "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (*quoting United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)).  Thus,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (*quoting* 18 U.S.C. § 3553(a)); *see also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (following *Moreland*).

A.     **Nature and Circumstances of the Offense**

To describe the defendant and Mr. Falte's crimes as "sexual abuse" serves only to sanitize and dismiss the horrific, repeated raping of a three- and, later, four-year-old child.  The defendant and Mr. Falte engaged in particularly offensive efforts to first "groom" the child to make her more comfortable.  During their October 2016 trip, for example, they took the child out for pizza and ice cream, as well as bought her toys.  PSR ¶¶ 20, 28.

The PSR describes in detail the specific sexual activities the defendant and Mr. Falte undertook with this small girl, PSR ¶¶ 21, 23, 25 often with the physical assistance of Mr. Hix to restrain her, PSR ¶ 23.  The defendant and Mr. Falte filmed their cruelty and published it for

3

other pedophiles to watch, PSR ¶ 22. Countless other copies of these images likely still exist in the underground pedophilia networks.

### B. History and Characteristics of the Defendant

The defendant, age 26, has no criminal history. He was raised in Canada a stable home with married parents. PSR ¶¶ 62-65. The defendant has been employed in the information technology field. PSR ¶¶ 75, 77-82. The numerous character letters attached to the PSR paint a picture of a beloved son, grandson, brother, and friend.

These descriptions, however, are wholly inconsistent with the Benjamin Faulkner uncovered during this investigation. First, in addition to his repeated abuse of the child victim in this case, the defendant admitted to law enforcement that he had inappropriately touched various minor relatives and, in one instance, took photographs of the children's genitals and posted them to his website.[3] PSR ¶ 50. Second, the defendant also had a significant child pornography collection on his devices, including over 47,000 images and 2,900 videos. PSR ¶ 29. Third, the defendant's candid communications with another pedophile reflect an extreme prurient interest in children, especially babies and toddlers. PSR ¶ 52. Selected highlights of the extensive messages intercepted by law enforcement—most of which have no place in a public filing—are excerpted in the PSR. For example, the defendant references a time when parents caught him abusing a child but he "talked them down a lot though. I worked my magic." *Id.*

---

[3] The parents of these children abused in August 2016 plan to attend the defendant's sentencing and would like to address the Court before a sentence is imposed.

## C. A Sentence of 50 Years' Imprisonment Serves the Factors of § 3553

1. <u>Seriousness of the Offense; Promote Respect for the Law; Provide Just Punishment</u>

The defendant's crime is among the most serious in the United States Code. He and Mr. Falte irreparably harmed the youngest and most vulnerable in our population and a sentence of 50 years is appropriate. Both the child's mother and grandmother have provided victim impact statements that help explain the seriousness of the offense. The four-year-old victim "is now timid and afraid around other men. [The child] now needs a relaxation tape at night to help her fall asleep. She is scared of the dark and wakes multiple times with nightmares because of her memories of [the defendants] and the abuse she suffered. She wakes up screaming." Mother VIS ¶ 2. Her grandmother notes that the child "almost certainly have issues with men. She will almost certainly have trust issues." Grandmother VIS ¶ 6. These crimes also have affected the victim's family. The child's mother no longer attends college so that she can help the victim "develop a routine." Mother VIS ¶ 4. Her grandmother prudently notes, "We live each day trying to help [the child] process and understand what has happened to her. It is going to take a lifetime." Grandmother VIS ¶ 7.

A sentence of 50 years' imprisonment also sends a clear message to individuals who produce, purchase, and collect child pornography. Such individuals, like the defendant, promote their personal desire for perverse sexual gratification above children's right to safety, happiness, and self-respect. A lengthy prison sentence presents a substantial, permanent impediment to their ability to gratify their criminal desires. A sentence of 50 years' imprisonment will help to send that message, and may deter others sharing the defendant's interests from following in his footsteps.

2. <u>Need to Deter Future Criminal Conduct and Protect the Public</u>

A sentence of 50 years' imprisonment will ensure that the defendant is incarcerated until he is approximately 69 years old. After that time, he will be a registered sex offender and under the supervision of a federal probation officer. His advanced age, in combination with these legal obligations, should be sufficient to deter him from future criminal conduct and protect the public from the defendant.

3. <u>Need to Avoid Unwarranted Disparities</u>

The defendant's present activities do not fall outside the heartland of criminal offenses, and a sentence of 50 years will ensure that no unwarranted disparity exists between his sentence and the sentence of a like-positioned defendant.

### III. Conclusion

The defendant's abusive, exploitative actions are those of a truly depraved individual. Our society places a great and justified importance on the safety of our children, and the defendant's actions demonstrate, beyond any doubt, that he is a threat to children. The Court therefore must seek to impose a sentence that will prevent him from abusing children and from accessing the tools used to exploit children. Accordingly, for the reasons stated above in light of the factors contained in § 3553(a), and in the supplemental information submitted to this Court under seal, a sentence of 50 years' (600 months) imprisonment is sufficient, but not greater than necessary, to achieve the factors set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

_____/s/_____
Jessica D. Aber
Assistant United States Attorney

Lauren Britsch
Special Assistant United States Attorney

Elham Peirson
Trial Attorney
United States Department of Justice,
Child Exploitation and Obscenity Section

United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: jessica.d.aber@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Jessica D. Aber
Virginia Bar No. 72680
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: jessica.d.aber@usdoj.gov