IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:17-cr-00045

BENJAMIN FAULKNER,

    Petitioner.

## OPINION

The petitioner, Benjamin Faulkner, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on five separate grounds. (Dk. No. 77.) In addition to alleging three claims of ineffective assistance of counsel, Faulkner asserts that he entered an invalid guilty plea and that he received an unreasonable sentence. Faulkner's three ineffective assistance of counsel claims fail because he cannot establish either (1) that his attorney's conduct fell below that of an objectively reasonable attorney, or (2) that prejudice resulted from any of the alleged deficiencies in his counsel's performance. Faulkner's fourth argument fails because his sworn testimony demonstrates that he entered a valid guilty plea. Finally, Faulkner's fifth ground—that he received an "unreasonable" sentence—is not cognizable under § 2255. For these reasons, the Court will deny the motion.

## I. BACKGROUND

In 2017, Faulkner pled guilty to one count of aggravated sexual abuse of a minor in violation of 18 U.S.C. § 2241(c). This conviction mandated 30 years to life in prison. In his plea agreement with the government and in his plea hearing before the Court, Faulker agreed that the government could prove all elements of the offense and stated that he was satisfied with his attorney's performance. (Dk. No. 48, ¶¶ 2, 3); Plea Hr'g Tr. 13:11-20, 30:1-8, May 17, 2017

(Dk. No. 69). Additionally, Faulkner affirmed that he understood the possible penalties for violating the relevant statute, including the minimum and maximum terms of imprisonment. He also understood that (1) any calculation of his advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") by his lawyer represented only an estimate and did not bind the Court; (2) the Presentence Investigation Report ("PSR") ultimately determined his advisory sentencing range under the Guidelines; (3) the Court could impose a sentence above or below the Guidelines range; and (4) by pleading guilty, he gave up rights afforded to other criminal defendants. (Dk. No. 48, ¶¶ 1, 3, 4, 5); Plea Hr'g Tr. 19:11-14, 22:13-24:4, 26:19-29:25. In the plea agreement, the government agreed to recommend a sentence of 50 years, and the defendant indicated he understood that the recommendation did not bind the Court. (Dk. No. 48, ¶ 4); Plea Hr'g Tr. 17:14-17.

Faulkner's PSR reflected the statutory sentencing range of 30 years to life, with the Guidelines recommending a life sentence based on a criminal history category of I and an offense level of 43. (Dk. No. 55, ¶¶ 86, 87.) Due to Faulkner's cooperation, and in accordance with the plea agreement, the government moved for a downward variance to a 50-year sentence. Sentencing Hr'g Tr. 18:16-21, 27:20-22, Sept. 15, 2017 (Dk. No. 70). Defense counsel also moved for a downward variance, arguing that Faulkner could "do good for other people" if he had a sentence of less than 50 years. (Dk. No. 57, at 5); Sentencing Hr'g Tr. 22:22. The Court denied the variance motions and sentenced Faulker to life in prison. *Id.* at 27:20-28:9. The Fourth Circuit dismissed Faulkner's appeal because his plea agreement included a valid appeal waiver.

Faulkner's motion sets forth five grounds for relief. Grounds 1 through 3 allege ineffective assistance of counsel during the guilty plea and sentencing phases of his case.

2

Ground 4 alleges that Faulkner entered an invalid guilty plea because the Court (1) failed to inform him that he could present evidence and witnesses if he proceeded to trial, and (2) failed to mention his appeal waiver at sentencing. Finally, Ground 5 claims that the Court imposed an unreasonable sentence of life imprisonment.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may challenge the legality of his sentence on four bases: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack."[1] 28 U.S.C. § 2255(a). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017).

A prisoner can prove a constitutional violation under § 2255 by demonstrating that he received ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he [Sixth Amendment] right to counsel is the right to the *effective* assistance of counsel." (emphasis added)). To succeed on an ineffective assistance claim, the petitioner must satisfy two elements. First, the petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this first prong—the performance prong—the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable

---

[1] "A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal." *Good v. United States*, No. 2:17-cv-313, 2018 WL 2976984, at *2 (E.D. Va. June 12, 2018), *appeal docketed*, No. 18-7466 (4th Cir. Dec. 3, 2018).

3

professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When, as here, a petitioner challenges a conviction entered after a guilty plea, the second prong—the prejudice prong—"is slightly modified" in that the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Similarly, for alleged ineffective assistance of counsel during sentencing, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the [sentence] would have been different." *Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008) (alteration in original). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

When a petitioner alleges ineffective assistance of counsel following a guilty plea entered during a properly conducted Rule 11 plea colloquy, he must overcome the "formidable barrier" of his sworn statements at that proceeding. *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Accordingly, unless a petitioner shows extraordinary circumstances, a "court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [petitioner's] sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

4

## III. DISCUSSION

### *A. Ineffective Assistance of Counsel During the Guilty Plea Phase (Ground 1)*

Faulkner first claims ineffective assistance of counsel with regard to the guilty plea he entered on May 17, 2017. Specifically, Faulkner argues that (1) counsel did not review discovery with him; (2) counsel did not permit Faulkner to review the plea agreement in its entirety before entering his guilty plea; (3) counsel did not discuss the Guidelines calculations with him; (4) counsel allowed Faulkner to enter into "effectively an 'open' plea agreement"[2] while simultaneously waiving his right to appeal his sentence (Dk. No. 85, at 4); and (5) Faulkner did not knowingly and intelligently waive his right to appeal his sentence. Faulkner's own sworn statements during his plea hearing directly contradict these claims.

At the plea hearing, Faulkner repeatedly expressed satisfaction with his counsel. Plea Hr'g Tr. 13:11-20 (indicating that he was "[a] hundred percent" satisfied with his counsel, that counsel had answered all of his questions, and that counsel "works really well"). When the Court asked if Faulkner had read the plea agreement before signing it, he replied affirmatively. *Id.* at 14:10-19. He also confirmed that his attorney had reviewed the plea agreement with him and answered all of his questions about it. *Id.* at 14:21-15:4. Faulkner affirmed he understood that the sentence recommended in the plea agreement did not bind the Court. *Id.* at 17:9-17. Faulkner also stated that his counsel had discussed the Guidelines with him and had been "rather thorough" in his discussion. *Id.* at 22:9-23:12. Faulkner further indicated that he understood the Court could sentence him above or below the Guidelines. *Id.* at 22:24-24:4. Faulkner said he

---

[2] Faulkner does not explain what he means by "open plea," but the Court notes that the parties agreed to recommend a 50-year sentence. In any event, the Court is not bound by parties' recommendations in plea agreements. *See Gill v. United States*, No. 5:04-cr-20-01 & 5:07-cv-44, 2008 WL 2260080, at *3 (E.D.N.C. June 2, 2008) (explaining that recommended sentences in plea agreements do not bind courts in sentencing).

5

understood that he was giving up his right to appeal, as long as the Court imposed a sentence within the statutory limits.[3] *Id.* at 26:19-24. The plea agreement that Faulkner signed also contained an appeal waiver. (Dk. No. 48, ¶ 5.) Finally, Faulkner agreed that "it [was] in [his] best interest to plead guilty in this case." Plea Hr'g Tr. 16:9-11.

Because Faulkner has not indicated that he can provide "clear and convincing evidence" that "his representations during his plea were untruthful or involuntary," he "is bound by the representations he ma[de] under oath." *Fields*, 956 F.2d at 1299. Here, the record clearly demonstrates that Faulkner knew that his sentence might exceed the 50 years that the parties recommended. With that knowledge, Faulkner still pled guilty, and he received a sentence within the statutory range of 30 years to life. Faulkner also expressed satisfaction with counsel's performance and agreed that pleading guilty served his best interests. Moreover, Faulkner does not specify how reviewing discovery would have prevented him from pleading guilty.

Faulkner, therefore, cannot demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hooper*, 845 F.2d at 475. Because Faulkner cannot satisfy the second *Strickland* prong, the Court need not address the first prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

---

[3] Both the Court and the plea agreement advised Faulkner that the offense imposed a mandatory minimum sentence of 30 years and a maximum sentence of life imprisonment. (Dk. No. 48, ¶ 1); Plea Hr'g Tr. 19:11-19.

### B. *Ineffective Assistance of Counsel by Not Securing Any Benefit for Substantial Assistance to the Government (Ground 2)*

In his next ineffective assistance of counsel claim, Faulkner alleges that his attorney failed to secure Faulkner any benefit for his substantial assistance to the government. The Guidelines recommended that Faulkner receive life imprisonment, but the government asked for a lower sentence of 50 years based on Faulkner's cooperation. The government's recommendation constituted a clear benefit. *See Good*, 2018 WL 2976984, at *6 (stating "[t]he obvious reply" to petitioner's claim that defense counsel did not secure a benefit was that but for defense counsel, the government would have pursued additional charges and a harsher sentence); *Cabrera v. United States*, No. 1:09-cr-122, 2014 WL 5531058, at *5 (M.D.N.C. Nov. 3, 2014) (denying the petitioner's claim that defense counsel failed to secure a benefit when the government recommended a reduced sentence). At the plea hearing, Faulkner's counsel called attention to the government's agreement to recommend a lower sentence. Plea Hr'g Tr. 17:4-17. Even though the Court ultimately decided not to follow that recommendation, Faulkner still received a benefit. The Court sees nothing deficient about the performance of Faulkner's counsel in this respect.[4] This claim, therefore, fails the first *Strickland* prong.

### C. *Ineffective Assistance of Counsel During the Sentencing Phase (Ground 3)*

Faulkner's final ineffective assistance of counsel claim alleges that his attorney (1) failed to review the PSR with him and did not correct inaccuracies in the PSR; (2) did not allow

---

[4] Even if counsel incorrectly predicted that Faulkner would receive the recommended 50-year sentence, that incorrect prediction does not rise to the level of constitutional error. *See Jeffries v. United States*, No. 4:15-cr-83, 2018 WL 4903267, at *5 (E.D. Va. Oct. 9, 2018), *appeal docketed*, No. 18-7261 (4th Cir. Oct. 16, 2018) ("To the extent that counsel purportedly made general misrepresentations regarding the likelihood of a favorable plea deal and/or the sentence that *counsel predicted* that Petitioner would receive, Petitioner fails to demonstrate that such predictions, even if erroneous, rose to the level of constitutional errors." (emphasis in original)).

Faulkner to allocute at sentencing; and (3) failed to present, and failed to inform Faulkner of his right to present, any witnesses or evidence at the sentencing hearing.

As to the PSR, Faulkner's sentencing position stated, "The presentence report prepared in this manner has been reviewed and corrected." (Dk. No. 57, at 1.) The PSR confirmed that Faulkner's counsel requested certain changes, which the probation officer implemented. (*See* Dk. No. 55, at 20.) Moreover, counsel affirmed at the sentencing hearing that he had reviewed the PSR with Faulkner and that all objections had been resolved. Sentencing Hr'g Tr. 3:14-19. Faulkner nonetheless claims that the PSR contained inaccuracies. Critically, however, Faulkner does not identify a single inaccuracy that his attorney failed to correct, much less indicate how any inaccuracy affected his sentence. *See United States v. Butler*, 331 F. App'x 260, 261 (4th Cir. 2009) ("Though [the petitioner] challenges counsel's failure to object to the PSR, he does not identify any objectionable material."). Even assuming his counsel's performance fell below an objective standard of reasonableness, Faulkner cannot, on these facts, argue that his attorney's actions regarding the PSR prejudiced him.

Next, Faulkner's statements at sentencing contradict his allegation that counsel did not allow him to allocute. The Court asked Faulkner directly if he wished to speak before the Court imposed a sentence. Sentencing Hr'g Tr. 23:10-15. Faulkner replied that he was "all right," and declined to allocute. *Id.* at 23:16. In any event, Faulkner does not specify what he would have said during his allocution, nor does he specify how his allocution would have resulted in a lower sentence. Faulkner, therefore, fails to satisfy the *Strickland* prejudice prong. *Cf. United States v. Carthorne*, 878 F.3d 458, 469-70 (4th Cir. 2017) (finding prejudice when the petitioner showed a reasonable probability that he would have received a lower sentence).

Faulkner next claims that his attorney not only failed to present witnesses or evidence at his sentencing hearing, but also neglected to inform Faulkner of his right to do so. These claims cannot succeed. First, the Court gives deference to counsel's strategy, *Strickland*, 466 U.S. at 689, and will not second guess a strategy "simply because it has proven unsuccessful," *Good*, 2018 WL 2976984, at *6. Second, defense counsel provided the Court with nine letters written by family and friends in support of Faulkner. (Dk. No. 51, at 16, 21-32); Sentencing Hr'g Tr. 4:16-5:7. Additionally, failure to present a witness "is neither unreasonable nor prejudicial if that witness would not have led to the admission of exculpatory testimony." *Fenn v. United States*, 175 F. Supp. 3d 602, 609 (E.D. Va. 2016). Faulkner cannot generally assert that additional evidence or witnesses could have been exculpatory or resulted in a different sentence because he does not identify any specific evidence or witnesses that he would have presented.[5] Accordingly, Faulkner cannot show that counsel's failure to present evidence and witnesses at sentencing prejudiced him.

### D. Invalid Plea (Ground 4)

Faulkner next claims that he did not enter a valid guilty plea because the Court failed to inform him that he could present evidence and witnesses if he had proceeded to trial, and failed to mention his appeal waiver at sentencing. The plea hearing transcript refutes these claims. The Court asked Faulkner if he understood that, by pleading guilty, he would give up his trial rights,

---

[5] Moreover, the Court expressed clear views about the egregious nature of Faulkner's crime at sentencing. *See, e.g.*, Sentencing Hr'g Tr. 24:13-15 ("[T]he nature and circumstance of the offense are simply worse than the worst horror book you can imagine."); *id.* at 26:13-16 ("The next factor is the need to protect the public from further crimes of the defendant given that he is a one-man sex crime spree. That is really important in this case. Very, very important."); *id.* at 27:11-13 ("Again, anybody in this case would expect a long, long sentence, which he will get today.").

9

including the right to present witnesses.[6] Plea Hr'g Tr. 27:1-28:23. Faulkner affirmed his understanding. *Id.* at 28:24. Faulkner has not offered anything to show why he should not be bound by his prior sworn testimony. *See Fields*, 956 F.2d at 1299.

At the plea hearing, the Court also asked if Faulkner understood that he would waive his right to appeal by pleading guilty. Plea Hr'g Tr. 26:19-23. Faulkner replied affirmatively.[7] *Id.* at 26:24. Nevertheless, Faulker claims that the Court should have informed him of his appeal waiver again at sentencing. By the time of sentencing, however, Faulkner had already knowingly waived his right to appeal in his plea agreement, which the Court accepted at the plea hearing. After announcing his sentence, the Court informed Faulkner of his right to appeal his sentence pursuant to Federal Rule of Criminal Procedure 32. *See* Sentencing Hr'g Tr. 30:1-9. The law required nothing more. *See* Fed. R. Crim. P. 32(j) ("After sentencing—regardless of the defendant's plea—the court must advise the defendant of any right to appeal the sentence.").

### *E. Unreasonable Sentence (Ground 5)*[8]

Finally, Faulkner claims that the Court unreasonably sentenced him to life in prison given his acceptance of responsibility and his history. As a threshold matter, the sentence Faulkner received fell within the permissible statutory range. Moreover, his claim that he received an "unreasonable" sentence "is not cognizable as a § 2255 claim." *Stewart v. United States*, No.

---

[6] The Court also confirmed that Faulkner understood that he was not *required* to produce witnesses or evidence if he went to trial because the government had the burden of proving his guilt. Plea Hr'g Tr. 27:7-25.

[7] Additionally, the plea agreement indicated that Faulkner waived his right to appeal his conviction and any sentence within the statutory maximum. (Dk. No. 48, ¶ 5.)

[8] Faulkner did not raise Ground 5 in his initial petition. Instead, Faulkner addressed it in his reply to the government's opposition, and later moved the Court for leave to amend his petition. Because courts should allow liberal amendment to petitions, the Court will permit Faulkner to assert Ground 5. *See* Fed. R. Civ. P. 15; *United States v. Graham*, 187 F.3d 631 (4th Cir. 1999) (table decision) (applying Rule 15 to a § 2255 motion).

2:05-cv-740, 2006 WL 2076767, at *4 (E.D. Va. July 21, 2006). Accordingly, this claim must fail.

## IV. CONCLUSION

All of Faulkner's ineffective assistance of counsel claims fail on one or both of the *Strickland* prongs. The Court, therefore, will deny Grounds 1 through 3 of Faulkner's § 2255 motion. The plea hearing transcript directly contradicts Ground 4, so the Court will deny that claim. Finally, Faulkner fails to state a valid claim for relief in Ground 5. Accordingly, the Court will deny Faulkner's § 2255 motion.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A judge will not issue a COA unless a prisoner makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petition satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No facts or law suggest that Faulkner is entitled to further consideration in this matter. The Court, therefore, will deny a COA.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 12 April 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

11